ROOSEVELT and others, *against* W. & L. CROMMELIN.

THE defendants were natives of *New-Jersey,* and came to the city of *New-York* about the year 1811, where they were engaged in the mercantile business, until the year 1815, when they removed to *Granville,* in the state of *Mississippi,* where they permanently settled, and have since resided and carried on business. It was stated in the affidavit, that the intention of the defendants to remove to *Mississippi,* for the purpose of forming a commercial establishment there, was well known to the plaintiffs, and to the public generally; and that their removal was not secret, or with any intent to avoid civil process. That the plaintiffs having commenced a suit against the defendants, on certain bills made in the state of *Mississippi,* to recover 2378 dollars, and 41 cents, had proceeded to *outlawry* against the defendants, and that writs of *exigent* and *proclamation* had been awarded, the latter of which had been published in the newspa-

Proceedings in *outlawry,* in a bailable action, will not be reversed on *motion* and *affidavit,* because the defendant was not a citizen of this state, but resided in another state, or in a foreign country, unless the defendant will put in *special bail,* on a writ issued by the plaintiff in a new action; but the defendant will be left to bring a *writ of error,* if he pleases.

pers, pursuant to the statute, for regulating outlawries. (1 *N. R. L.* 165.)

*R. Sedgwick* for the defendants, now moved to set aside the proceedings in *outlawry.* He contended, 1. That the defendants, not being citizens or inhabitants of this state, but residing in another state, no process of outlawry would lie against them. "Outlawry," says *Sellon,* (*Sell. Pr.* 387.) " is a punishment inflicted on a person for a contempt and contumacy, in refusing to be answerable to, and abide by, the justice of that court which hath lawful authority to call him before them, and, as this is an offence of the highest nature, being an act of rebellion against that state or community of which he is a member, so doth it subject the party to divers forfeitures and disabilities ; for hereby he loseth *liberam legem,* is out of the king's protection," &c. (*Co. Litt.* 128. *Roll. Abr.* 802. *Dr. & Student Dia.* 2. *C.* 3.) Outlawry is a proceding *in personam :* it is in the nature of civil process, to compel an appearance to a suit. It lies only where a defendant is *abroad,* or *keeps out of the way,* or *absconds,* or *secretes himself,* so that he cannot be arrested. (*Tidd's Pr.* 125. 3 *Bl. Com.* 283, 284. 2 *Sellon,* 389.) How can it be said, that an *alien,* or a *citizen* of another state, or country, acts in contempt of the law of this state, or rebels against its authority, or absconds or *secretes* himself to avoid the process of its courts ? A defendant who is outlawed is called *utlagatus,* an *exlex ;* but how can a person who was never *within* the law, be said to put out of its protection ? But those who were not *sworn to the law,* as infants under twelve years of age, or a woman,) by taking the oath of allegiance at the *court leet,* or sheriff's *tourn,* could not be *outlawed ;* but were said to be *waived* or *derelict.* (*Tidd's Pr.* 125. *Co. Litt.* 128. *a.*) In *Reilly* v. *O'Connor,* (*Barnes' Cases,* 325. 2 *Sellon's Pr.* 414.) it was decided, that if a defendant is abroad *bona fide,* upon business or the like ; and, in other respects, is a public visible man, the plaintiff cannot commence process of outlawry against him. But if the defendant goes beyond sea, after the *teste of the exigent,* he may be regularly outlawed. (4 *Rol. Abr.* 84. *Barnes' Cases,* 321. 2 *Sellon,* 414.)

2. The proceedings being erroneous, they may be set aside on *motion*, or reversed by writ of error. (*Tidd's Pr.* 138, 139) By the statute, (s. 9.) the defendant may reverse the outlawry, without bail, in all cases, except where special bail is ordered by the Court. If the defendant comes in at the return of the exigent, he stands as at common law, and may have the proceedings reversed for error, without bail. If taken on the *capias utlagatum*, he must give bail. (2 *Sellon's Pr.* 411.) Here, the defendants come in before the return of the *exigent* and *proclamation*, at common law.

*S. Jones*, jun. contra. This motion is not made on the ground of any irregularity in the proceedings; but for some alleged error, or merits in the case. It is a proceeding under the statute regulating outlawries. It may be objected, as to the form of this application, that no warrant of attorney, or authority to appear for the defendants, has been shown; nor is the affidavit which has been read, made by the parties themselves.

The object of proceeding to outlawry is either to obtain payment of the debt, or security, so that, in any stage of the proceedings, the defendant, by putting in bail, or giving security, may have them reversed. The eighth section of the act is general: it declares, " that before any reversal of any outlawry be had, and before any allowance of any writ of error upon any outlawry, the defendant, in the original action, shall put in bail, if bail be required in such action, not only to appear and answer to the plaintiff in the former suit, in a new action, &c. but, also, to satisfy the condemnation," &c. The question, then, is whether these defendants were liable to process of outlawry? They had once been citizens of this state, and subject to its laws. By removing into another state, they do not cease to be citizens of this state; they are still within its allegiance. The statute contemplates the residence of the party out of the state.

In *Matthews* v. *Ebro*, (1 Lord *Raym.* 349. S. C. *Carth.* 459.) a motion was made to set aside an execution upon outlawry, on affidavit, that the defendant was a foreign mer-

chant, and never in *England;* and that, never having been *infra legem,* he could not be *outlawed* 'But the Court decided, that the outlawry could not be vacated on motion and affidavit, but that the defendant might bring a writ of error, and put in bail under the statute of 4 and 5 *W. & M.* c. 18. (3 *Bac. Abr.* 253. tit. *Outlawry,* G.) Every citizen of this state who removes out of it, is liable to this process, and he can only get rid of it by putting in bail. Every citizen of the *United States* is entitled to the protection of the laws of this state.

*Sedgwick,* in reply. In *Serecold* v. *Hamson,* (2 *Str.* 1178.) where a writ of error was brought to reverse an outlawry, because the defendant was beyond sea, the Court had no difficulty in reversing it; and the only question was as to the terms on which it should be done, whether on filing common or special bail. The Court were of opinion, that under the statute of 4 and 5 *W. & M.* c. 18. s. 3., which says, that " it shall be reversed without bail in all cases, but where special bail shall be ordered by the Court, they had a discretionary power to require bail or not ;" and though the 13 *Eliz.* ch. 3. s. 3. (which is the same as the 8th section of our act,) is the only act which expressly required bail, it was not to be inferred from thence, that in other cases, it was not to be insisted on.

*Tidd,* after mentioning the cases cited by the counsel of the plaintiffs, says, " it seems, however, to be discretionary in the Court to relieve by motion, or put the parties to a writ of error ; and of late years, they have gone further than heretofore, on motion, the more effectually to expedite justice, save expense, and preserve the credit and character of the defendant."

*Per Curiam.* The motion, in this case, is not grounded on any *irregularity* in the proceedings ; and we shall not, therefore, relieve, except on terms. The defendant, if he wishes to reverse the proceedings, on the facts stated, must resort to a writ of error. But, without giving any opinion on the case as stated in the affidavits, we must deny

the motion, unless the defendant puts in good special bail, on a writ to be issued in a new action.